# Exhibit A

*Circuit Court Documents*

*Third Amended Summons & Complaint*

ELECTRONICALLY FILED - 2021 Jun 14 10:26 AM - YORK - COMMON PLEAS - CASE#2020CP4600300

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF YORK | SIXTEENTH JUDICIAL CIRCUIT |
| Crystal Faulkner individually and as Guardian for K. F., and John Faulkner individually and as Guardian for K. F., | Case No.: 2020-CP-46-00300 |
| Plaintiffs, | AMENDED SUMMONS |
| v. | |
| York County School District and Michael Abraham, | |
| Defendants. | |

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to appear and defend this action and to answer the complaint herein, a copy of which is hereby served upon you, and to serve a copy of your answer to on the subscribers at their offices at 124 Gadsden Street, PA Box 608, Chester, SC 29706 and PO Box 762, Mount Pleasant, SC 29465 within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to appear and defend within the time aforesaid, then judgment by default will be rendered against you for the relief demand in the Complaint.

Respectfully,
s/ Cyrus Corbett     BAR# 103156
**GASTON, MARION & STUBBS, P.A.**
124 Gadsden Street
P.O. Box 608
Chester, SC 29706
Phone: (803) 385-2114
Fax: (803) 385-2131

and

**THE LAW OFFICES OF JOSHUA E. SLAVIN, LLC**
/s/ Joshua Slavin
PO Box 762, Mount Pleasant, SC 29465
Phone: 843-619-7338 Fax: 888-246-8914
Email: josh@attorneycarolina.com
SC Bar ID: 102912

Attorneys for the Plaintiff

June 14, 2021
Chester, SC

ELECTRONICALLY FILED - 2021 Jun 14 10:26 AM - YORK - COMMON PLEAS - CASE#2020CP4600300

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF YORK | SIXTEENTH JUDICIAL CIRCUIT |
| Crystal Faulkner individually and as Guardian for K. F., and John Faulkner individually and as Guardian for K. F., | Case No.: 2020-CP-46-00300 |
| Plaintiffs, | **THIRD AMENDED COMPLAINT** *(JURY REQUESTED)* |
| v. | |
| York County School District and Michael Abraham, | |
| Defendants. | |

The Plaintiffs complaining of the Defendant herein would respectfully show unto this Honorable Court:

1. This is a claim brought pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. Section 15-78-10, *et seq.*

2. That the Plaintiff, K.F., is a minor child who is a citizen and resident of the County of York, State of South Carolina.

3. That the Plaintiff's mother and guardian, Crystal Faulkner, who is bringing this suit individually and on the minor child's behalf, is also a citizen and resident of York County, State of South Carolina.

4. That the Plaintiff's father and guardian, John Faulkner, who joins in bringing this suit individually and on the minor child's behalf, is also a citizen and resident of York County, State of South Carolina.

5. That this action is being brought using the minor child's initials to protect the privacy of the Plaintiff minor child.

2

6. Upon information and belief, Defendant York County School District is a body politic organized and existing under the laws of the State of South Carolina and is located in York County, South Carolina.

7. Upon information and belief, Defendant Assistant Principal Michael Abraham is a citizen and resident of York County, South Carolina and at all material times worked within Defendant York County School District.

8. That jurisdiction and venue are proper in this Honorable Court pursuant to Section 15-78-100 of the Code of Laws of South Carolina 1976, as amended, because the acts and omissions in failing to protect Plaintiff from abuse occurred in York County, South Carolina.

9. That employees of York County School District were acting within the course and scope of their employment when they committed tortious acts that were the direct and proximate cause of the Plaintiff's injuries.

10. At all times mentioned herein, the Plaintiff was a student at York Middle School, and was at all times mentioned herein under the care, custody, and/or control of the Defendant and/or its employees and/or agents.

11. In Elementary School K.F. was diagnosed with the disability of autism causing a need for and placement into special education classes. K.F.'s autism substantially limits one or more major life activities; she has a record of such impairment and is regarded as having such impairment. (34 C.F.R. § 104.3(j)(1)). K.F.'s autism and the impairments it causes qualify her as a person with disabilities under the definitions of: the Rehabilitation Act of 1973, 29 U.S.C. §701 *et. seq.*, the Americans with Disabilities Education Act, 42 U.S.C. § 12101 *et. seq.*, the Individuals with Disabilities Act, 20 U.S.C. § 1400 *et. seq.*, S.C. Code Ann. § 43-33-560. Upon reaching the 6th grade, York Middle School placed K.F. back into regular classes; In this setting K.F. had

ELECTRONICALLY FILED - 2021 Jun 14 10:26 AM - YORK - COMMON PLEAS - CASE#2020CP4600300

trouble with bullying and staying up with her classmates in her studies.

12.     K.F.'s parents requested that she be placed back into special education classes so that she could learn at a preferable pace. After she was placed into special education classes, her grades and discipline improved. She was subject to less bullying by being in the protected class.

13.     Plaintiff still participated in some general education classes. In these classes, K.F. began to have interactions with K.B. K.B. is close to the same age as Plaintiff. K.B. began bullying Plaintiff for being "slow."

14.     K.F.'s parents addressed K.B.'s bullying to the school and requested intervention.

15.     K.F.'s parents were directed to speak to Vice Principal Abraham about the matter beginning in 2017. K.F would also go to Vice Principal Abraham to report the bullying from K.B. on multiple occasions throughout 2017-2019.

16.     Vice Principal Abraham assured Plaintiff and her parents that the situation was being addressed. However, Plaintiffs did not see any changes to K.F.'s daily life in school. K.B. would still bullied, threatened, demeaned, and physically harmed K.F. on a consistent basis.

17.     The School repeatedly failed to take adequate measures to stop K.B.'s bullying and abuse of K.F. Plaintiff parents continued to visit the school to seek help from the administration to no avail. The visits occurred so often that Mr. Faulkner would be escorted to the office by the resource officer when he would arrive at the building.

18.     K.B. continued to have access to Plaintiff and the abuse escalated. On April 8, 2019, while in gym class, K.F. was physically assaulted and beaten up by K.B.. K.B. approached K.F. and stated that she was going to "jump" her. Plaintiff immediately went to a teacher nearby and asked for help. The teacher took no interest or action.

19.     K.F. then called her mother to ask for some adult to please help. Ms. Faulkner

instructed K.F. to go to the office before anything happened. Before Plaintiff could make it to the office, K.B. had a friend use a phone to video record her as she viciously assaulted K.F. K.B. pushed K.F. to the ground and began hitting her in the face as she lay curled in the fetal position on the ground. She then began kicking and stomping on the Plaintiffs head. The attack was so violent that it left the Plaintiff with wounds to her head. This assault occurred while both students were left unattended, unsupervised, and unmonitored by the Defendant and/or its employees and/or agents despite years of pleading from Plaintiffs for intervention and protection for K.F..

20.     Plaintiff K.F. suffered physical, mental, emotional, psychological and injuries as a result of the bullying, harassment, and the physical assault. At varying times she has been admitted for in-hospital treatment and committed to in-patient mental health facilities due to the effects of the harm she has suffered under Defendants' watch, including attempted suicide.

21.     Following the assault, someone sent the video of the assault to others and it was posted on social media. Other students and teenagers have used the video to torment the Plaintiff online and in person at school. K.F. is now in high school and continues to face the same ridicule. Other students are still sending her and her sister the video with threats of repeated assaults. K.F. has been deprived of the benefits of education because of the Defendants' choices that failed to keep her safe at school.

## FIRST CAUSE OF ACTION:
## NEGLIGENCE, GROSS NEGLIGENCE, AND/OR RECKLESSNESS

22.     The allegations above and below are incorporated by reference into this cause of action to the extent they are not inconsistent with the following.

23.     The Defendants owed a duty to Plaintiffs under the common law as well as by statute and regulation to exercise reasonable care and/or ensure safe conditions and supervision. This duty includes supervising students to protect them from abuse and discrimination, training

ELECTRONICALLY FILED - 2021 Jun 14 10:26 AM - YORK - COMMON PLEAS - CASE#2020CP4600300

and supervising teachers and employees as to appropriate responses to bullying and discrimination, and implementation and enforcement of adequate safety procedures.

24.   That Defendant Abraham and Defendant School District, and its employees and agents, acting within the scope of their employment, were negligent, grossly negligent, and/or reckless in the following particulars:

   a. Failing to separate the bully from K.F. after K.F. and her parents complained that their child was being abused by said bully;
   b. Failing to protect Plaintiff K.F.'s health and/or safety;
   c. Failing to protect Plaintiff K.F. from unreasonable risk of harm to her life, physical and mental health, and/or safety;
   d. Allowing K.B. to verbally and physically attack K.F.;
   e. Allowing K.B. and other students to repeatedly and sickeningly bully and torment K.F.
   f. Failing to adequately supervise K.B. and other students;
   g. Failing to enact rules, policies, or procedures regarding bullying and bullying of
   h. Failing to follow and comply with the Defendant's internal policies, procedures, and/or rules;
   i. Failing to properly hire, retain, train, and/or supervise personnel who were responsible for administering the needs, services, and supervision of the Plaintiff K.F. and other students while under the care, custody, and/or control of the Defendant as a student; and/or
   j. In such further particulars as may be shown at trial.

ELECTRONICALLY FILED - 2021 Jun 14 10:26 AM - YORK - COMMON PLEAS - CASE#2020CP4600300

25. As a direct and proximate result of the above-referenced acts and omissions of Defendants, and as alleged herein, Plaintiff K.F. has sustained physical, mental, emotional, and psychological harm and suffered damages.

## SECOND CAUSE OF ACTION: VIOLATION OF THE SOUTH CAROLINA BILL OF RIGHTS FOR HANDICAPPED PERSONS

26. The allegations above and below are incorporated by reference into this cause of action to the extent they are not inconsistent with the following.

27. Purusant to the South Carolina Bill of Rights for Handicapped Persons, S.C. Code Ann. § 43-33-510 *et. seq.*, Plaintiff K.F. had a guaranteed civil right to full and equal use of Defendants' educational facilities without discrimination.

28. The actions and omissions of Defendants violated the Plaintiff K.F.'s guaranteed rights under the South Carolina Bill of Rights for Handicapped Persons, S.C. Code Ann. § 43-33-510 *et. seq.*

29. Plaintiff K.F. has been aggrieved by Defendants discrimination and therefore seeks injunctive relief and civil damages, plus attorney's fees and costs.

## THIRD CAUSE OF ACTION: VIOLATION OF THE REHABILITATION ACT OF 1973

30. The allegations above and below are incorporated by reference into this cause of action to the extent they are not inconsistent with the following.

31. Section 504 of the Rehabilitation Act of 1973 provides that "[n]o otherwise qualified individual with a disability" shall be "excluded, denied or discriminated against" by any facility receiving "federal financial assistance." 29 U.S.C. § 794.

ELECTRONICALLY FILED - 2021 Jun 14 10:26 AM - YORK - COMMON PLEAS - CASE#2020CP4600300

32. Plaintiff K.F.'s autism substantially limits her major life activities. Accordingly, Plaintiff is considered to be an individual with a disability under Section 504 of the Rehabilitation Act, as amended. *See* 29 U.S.C. § 705.

33. Defendant School District is a recipient of federal financial assistance and is an instrumentality of state or local government.

34. The facts set forth herein demonstrate that Defendants knowingly and intentionally allowed unqualified teachers and staff to be responsible for Plaintiff K.F. and her tormentors; failed to investigate and respond to reports of bullying of K.F. on the basis of her disability; failed to take action and/or intervene knowing that K.F. was being bullied on the basis of her disability. As a result of these facts, Defendants excluded Plaintiff K.F. was excluded from participation in, denied the benefits of, and subjected to discrimination under the school's programs and activities.

35. In addition to or in the alternative, the facts as set forth herein demonstrate that the Defendants acted with gross misjudgment as to education and provision of services to Plaintiff K.F.

36. Defendants' acts and omissions violated Plaintiff K.F.'s rights under the Rehabilitation Act in a discriminatory manner by failing to properly coordinate, accommodate and provide Plaintiff K.F. with a proper and safe public education, special education, and failing to properly and safely accommodate Plaintiff K.F.'s disabilities, thus excluding her from participating in, enjoying the benefits of, and subjecting her to discrimination under the school's programs by virtue of her disability.

### FOURTH CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DIABILITIES ACT

37. The allegations above and below are incorporated by reference into this cause of action to the extent they are not inconsistent with the following.

ELECTRONICALLY FILED - 2021 Jun 14 10:26 AM - YORK - COMMON PLEAS - CASE#2020CP4600300

38. Plaintiff K.F.'s autism substantially limits her major life activities. Accordingly, Plaintiff is considered to be an individual with a disability under the Americans with Disabilities Act. 42 U.S.C. §§ 12102, 12131.

39. Defendants' policies, practices, and procedures, particularly the act and omissions described herein, violated Plaintiff K.F.'s rights under the Americans with Disabilities Act, including discriminating against her on the basis of her disability.

40. Plaintiff K.F. suffered damages as a direct and proximate result of Defendants' violations described herein.

## FIFTH CAUSE OF ACTION:
## VIOLATION OF THE INDIVIDUALS WITH DISABILITIES ACT

41. The allegations above and below are incorporated by reference into this cause of action to the extent they are not inconsistent with the following.

42. Plaintiff K.F.'s autism and need for special education and related services qualifies her as a "child with a disability" pursuant to the Individuals with Disabilities Act. 20 U.S.C. § 1401(3).

43. Defendants' policies, practices, and procedures, particularly the acts and omissions described herein, violated the Individuals with Disabilities Act.

44. Plaintiff K.F. suffered damages as a direct and proximate result of Defendants' violations described herein.

## SIXTH CAUSE OF ACTION:
## VIOLATION OF 42 U.S.C. § 1983

45. The allegations above and below are incorporated by reference into this cause of action to the extent they are not inconsistent with the following.

ELECTRONICALLY FILED - 2021 Jun 14 10:26 AM - YORK - COMMON PLEAS - CASE#2020CP4600300

46. Under the Fourteenth Amendment of the United States Constitution, Plaintiff K.F. had the right as a public school student to persona security, bodily integrity, and equal protection under the law.

47. Defendants were state actors acting under the color of state law at the time of the incidents complained of herein.

48. Defendants subjected Plaintiff K.F. to violations of her right to personal security, bodily integrity, and equal protection in at least the following particulars:

   a. failing to respond to reports and complaints of bullying and harassment by K.B. and other students on the basis of Plaintiff K.F.'s disability and other bases;

   b. failing to supervise a known dangerous situation;

   c. failing to protect K.F. from a student known to pose a substantial risk to her;

   d. failing to have adequate policies to protect K.F. from discriminatory verbal and physical harassment and bullying, or to otherwise enforce such policies;

   e. failing to train employees how to respond to instances of discrimination and bullying on the basis of a disability;

   f. failing to take prompt and appropriate steps to address the effects of bullying and harassment on K.F.;

   g. manifesting a deliberate indifference to the risk posed by discriminatory bullying and harassment by not adopting and following adequate policies and procedures;

   h. manifesting deliberate indifference to the harm being inflicted upon K.F. by her tormentors;

   i. manifesting differential treatment, discrimination, and/or retaliation against K.F. following the attack on her.

ELECTRONICALLY FILED - 2021 Jun 14 10:26 AM - YORK - COMMON PLEAS - CASE#2020CP4600300

49. Plaintiff K.F. suffered damages as a direct and proximate result of Defendants' violations described herein.

## SEVENTH CAUSE OF ACTION:
## OUTRAGE / INFLICTION OF EMOTIONAL DISTRESS

50. The allegations above and below are incorporated by reference into this cause of action to the extent they are not inconsistent with the following.

51. Defendants, with recklessness, inflicted severe emotional distress, or was certain or substantially certain that such distress would result by its acts and omissions in allowing this physical assault to occur as well as in its response to the bullying and harassment leading up to it and the aftermath of it.

52. Defendants' conduct in responding to the plight of Plaintiff K.F., both directly to her and to her parents, was so extreme and outrageous so as to exceed all possible bounds of decency, was atrocious, and was intolerable in a civilized society.

53. Defendants' conduct was the direct and proximate cause of Plaintiffs' severe physical and emotional pain and suffering that no child or parent should reasonably be expected to endure.

## DAMAGES SUMMATION AND PRAYER FOR RELIEF

54. The conduct of the Defendants set forth above was the direct and proximate cause of the Plaintiff K.F.'s severe injuries, resulting in past, present, and future damages. The Plaintiff parents have incurred and will continue to incur significant expenses for medical and psychological treatment for injuries to their daughter, Plaintiff K.F., in addition to their own suffering as a result of their inability to stop the bullying, harassment, torment and physical assault of their child.

WHEREFORE, the Plaintiff prays for judgment against the Defendants for actual damages, punitive damages, attorneys' fees, costs of this action and for such other and further relief as the Court deems just and proper.

        Respectfully,
        s/ Cyrus Corbett    BAR# 103156
        **GASTON, MARION & STUBBS, P.A.**
        124 Gadsden Street
        P.O. Box 608
        Chester, SC 29706
        Phone: (803) 385-2114
        Fax: (803) 385-2131

        and

        **THE LAW OFFICES OF JOSHUA E. SLAVIN, LLC**
        /s/ Joshua Slavin
        PO Box 762, Mount Pleasant, SC 29465
        Phone: 843-619-7338 Fax: 888-246-8914
        Email: josh@attorneycarolina.com
        SC Bar ID: 102912

        Attorneys for the Plaintiff

June 14, 2021
Chester, SC

ELECTRONICALLY FILED - 2021 Jun 14 10:26 AM - YORK - COMMON PLEAS - CASE#2020CP4600300